# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEL SNIDER,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 4:18-1789** |
| | : | |
| **THE UNITED STATES,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**KEARNEY, J.**  October 2, 2018

The presently incarcerated Joel Snider *pro se* sues the United States and the United States District Court for the Middle District of Pennsylvania under the Rehabilitation Act arguing the District Court is not affording him relief in two earlier cases now before the Court, including one where he seeks the same relief.[1] He moves for leave to proceed *in forma pauperis*[2] and authorization to have payments toward the $350.00 filing fee deducted from his prison account.[3] In the accompanying Order, we grant Mr. Snider leave to proceed *in forma pauperis* and direct the Clerk of Court to issue the Administrative Order directing the Warden to begin deducting money from Mr. Snider's inmate account.

But we dismiss his duplicative claim. Mr. Snider cannot sue the federal court because he is disappointed with its orders under the Rehabilitation Act. The United States and its federal courts are immune from this claim. The Rehabilitation Act does not apply to the district courts. He is already pursuing this meritless relief against the United States in an earlier filed 2015 case. He has now applied judicial resources to meritless claims in two federal cases. We must dismiss Mr. Snider's Complaint with prejudice as he cannot state a claim against the United States and the District Court under the Rehabilitation Act.

I.  **Alleged facts**

Doctors diagnosed Mr. Snider with depression and chronic paranoid schizophrenia.[4] He has also been diagnosed with bipolar disorder with psychotic symptoms.[5] Snider alleges that his mental illnesses "adversely affect[] nearly every aspect of his daily life."[6] He alleges his illnesses cause him to experience "[e]xcessive and disorganized" writing and thinking, as well as an inability to meet deadlines.[7] His illnesses are "episodic and treatable with medication."[8]

*Mr. Snider's first federal lawsuit in 2013*

Mr. Snider's present involvement with this Court began in 2013 with *Snider v. Motter*[9] judicially admitting he has episodic schizo-affective disorder and psychotic episodes.[10] Mr. Snider moved for appointment of counsel and Judge Brann of this Court denied his motion.[11] Shortly after filing his complaint, the Commonwealth transferred Mr. Snider to SCI Coal Township and placed him in solitary confinement.[12] He filed a supplementary complaint challenging this transfer and the conditions of solitary confinement.[13] This Court dismissed his complaint and supplementary complaint with leave to file an amended complaint which complied with the Federal Rules of Civil Procedure.[14]

Mr. Snider alleges he "was confused and limited by his [mental illness] and could not prepare an amended complaint."[15] He "continued to experience indifferent and predatory mental health care, sporadic failure to provide psychiatric medications and failure to protect from self-harm."[16] He "repeatedly" notified the Court of these problems and again moved for the appointment of counsel.[17] This Court again denied his motions for counsel.[18] A state court found Mr. Snider to be severely mentally disabled during state court proceedings.[19] Instead of transferring him to a mental health treatment facility, the Commonwealth transferred him to SCI Camp Hill, where prison officers allegedly "assaulted and strangled" him, stole his legal files and

2

religious items and "unjustifiably placed him into horrific conditions of solitary confinement."[20] Mr. Snider now alleges this Court could have prevented this conduct by state prison officials.[21]

Mr. Snider continued to experience issues at SCI Camp Hill.[22] He filed an amended complaint on October 20, 2014, but it did not include all of the claims he wanted to include because of his "symptoms of mental illness."[23] He moved again for appointment of counsel. [24]

This Court granted his motion for appointment of counsel "conditioned upon the Court finding counsel willing to represent Snider."[25] While waiting for counsel, Mr. Snider continued to experience symptoms of mental illness.[26] He "filed numerous documents with the [C]ourt attempting to address the problems he was having."[27] In July 2015, Mr. Snider moved for leave to amend his 2013 case at No. 13-1226.[28]

On October 7, 2015, counsel entered a notice of appearance for Mr. Snider.[29] In December 2015, counsel filed a second amended complaint "pursuing claims which were already filed in the first amended complaint with the addition of [an] Americans with Disabilities Act ("ADA") claim against [the Clinton County Correctional Facility]."[30] On March 1, 2018, this Court dismissed Mr. Snider's ADA claim as time-barred.[31] Mr. Snider alleges the Court "refused to grant [him] equitable tolling based on the limitations of his disability and claimed his disability had not affected his ability to file a timely petition." [32]

### *Mr. Snider's second federal lawsuit against Department of Corrections.*

On May 15, 2015, Mr. Snider sued the Pennsylvania Department of Corrections in this Court for "refusing to provide him with legal assistance, thereby denying him the ability to pursue his arguable claims."[33] "Immediately after" filing this 2015 case, state officials issued "a false misconduct report and placed [him] into 24 hour isolation."[34] In isolation, the state officials "again denied psychiatric medications, and as a result engaged in severe self-injury—repeatedly

3

slamming his head against the wall."[35] Mr. Snider alleged his psychiatrist "threatened if he continued attempting court access that she and others would make sure he spent his entire prison sentence in solitary confinement and 24 hour psychiatric isolation."[36] Mr. Snider "attempted to write the [C]ourt about these issues and asking for a protective order."[37] The Court filed his motion as a new case, *Snider v. Pennsylvania*.[38] This Court denied his motion "as being deficiently written" and "'warned' [him]. . . he was 'wasting judicial resources.'"[39]

The Court granted his request for counsel in the 2015 suit against the Commonwealth, but counsel has not yet been located.[40] Mr. Snider filed motions attempting to address conditions at SCI Greene, asserting, *inter alia*, prison officials obstructed his mail, prohibited him from making photocopies, and threatened him when attempting to use the grievance procedure.[41] The Court denied these motions "as being deficiently written."[42]

The Court then directed Mr. Snider to amend his complaint.[43] On December 1, 2015, the Court held a status conference.[44] Before the conference, Mr. Snider moved the Court order the Department of Corrections defendants provide him with legal assistance.[45] At the conference, the Court "stated [it was] denying this motion because counsel was about to make an appearance to assist with amending the complaint."[46] Mr. Snider did not file a brief in support of his motion requesting assistance.[47] On December 18, 2016, the Court ordered his motion withdrawn for failing to file a brief in support.[48] Mr. Snider also alleges during the conference, he experienced confusion because of his mental illness, and the Court "noted that he was not able to understand things being said during the proceedings."[49]

Mr. Snider continued to experience issues while incarcerated at SCI Greene.[50] He "became increasingly affected" by his mental illness.[51] He "often banged his head on the wall until it was swollen, cut and bleeding and cried uncontrollably. Officers and medical staff saw

4

these injuries and frequently refused to give medical treatment or document the injuries."[52] He alleges his mental health issues did not allow him to keep up "with the objections he needed to file. He could not consistently get photocopies in order to serve defendants. Prison officials continued refusing to provide him legal assistance."[53] Ultimately, the Court entered an Order providing Mr. Snider with a final opportunity to file an amended complaint on or before July 1, 2016.[54] The Court also "placed a restriction on . . .[Mr.] Snider's ability to file any new motions." [55] Snider filed an amended complaint on July 6, 2016.[56] He admits his amended complaint is "extremely verbose, single spaced, handwritten on sixty-five (65) pages and contained six-hundred-eleven (611) paragraphs." [57] According to Mr. Snider, his mental illness affected the presentation of his claims.[58] His July 6, 2016 amended complaint sought injunctive relief "to end the way the United States Court has obstructed him court access/denied me services."[59]

Judge Brann granted him leave to file an amended complaint on September 30, 2016.[60] In his amended complaint, Mr. Snider alleged the Commonwealth and the United States violated the ADA and the Rehabilitation Act by "discriminating against him by reason of his disability and excluding him from their programs."[61] He also "attempted to set out that he was being denied legal assistance by prison officials under a constitutional standard."[62] Mr. Snider alleges this Court "did not screen the amended complaint for two (2) years."[63]

On April 18, 2018, Magistrate Judge Schwab recommended Judge Brann dismiss this amended complaint under Rules 8(a)(2) and 20(a)(2) of the Federal Rules of Civil Procedure and the statute of limitations barred many of his claims.[64] According to Mr. Snider, Judge Schwab found the "amended complaint was filed on September 30, 2016 . . ., which is three months after the actual July 1, 2016 filing date." [65] He claims Judge Schwab "completely ignored" his

Rehabilitation Act claim against the United States.[66] Judge Schwab "recommended 'a final opportunity' 'to comply with the requirements of the Federal Rules of Civil Procedure', and recommended leave to file a second amended complaint."[67] The parties are presently litigating Mr. Snider's objections to the Magistrate Judge's Report and Recommendation.

### *This third lawsuit against the United States and District Court.*

Mr. Snider now sues the United States and the United States District Court for the Middle District of Pennsylvania, alleging this Court violated section 504 of the Rehabilitation Act by "discriminat[ing] against [him] and fail[ing] to provide him with reasonable accommodations for his disability, causing him to be excluded from participation in and from receiving the benefits of their programs."[68] Mr. Snider seeks a declaratory judgment the Court violated his rights, as well as "appropriate compensatory and punitive damages."[69]

His allegations under the Rehabilitation Act in this case against the United States are similar to those he brought against the United States in his November 27, 2017 amended complaint in the 2015 case, presently before Judge Brann on objections to Judge Schwab's Report and Recommendation. In both cases, he is alleging the federal court systems are discriminating against him and denying court access by reasons of his disability in violation of the Rehabilitation Act. He now has two lawsuits with the same claims under the Rehabilitation Act.

## II. Analysis

### A. We grant Mr. Snider leave to proceed *in forma pauperis.*

We grant Mr. Snider leave to proceed *in forma pauperis* as he is not capable of paying the fees to commence this civil action.[70]

We study his Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) which requires dismiss the Complaint if Mr. Snider fails to state a claim.[71] Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard we apply to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[72] We must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[73] "[M]ere conclusory statements do not suffice."[74] As Mr. Snider is proceeding *pro se*, we construe his allegations liberally.[75]

### B. We dismiss Mr. Snider's claims as the United States is immune and the federal courts are not subject to the Rehabilitation Act.

Mr. Snider sues the United States and the United States District Court for the Middle District of Pennsylvania under the Rehabilitation Act seeking damages and a declaratory judgment. The United States is immune from suit. The Rehabilitation Act does not apply to the federal courts.

"The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[76] The United States District Court for the Middle District of Pennsylvania is part of the judicial branch of the federal government and is therefore entitled to sovereign immunity absent a waiver.[77] In the absence of a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over claims against the United States or a federal agency.[78]

7

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability" may be discriminated against by certain federal agencies "solely by reason of her or his disability."[79] The United States, however, has not waived its right to be sued under the Rehabilitation Act for actions taken by the judiciary.[80] Neither the United States nor the United States District Court for the Middle District of Pennsylvania is as a "federal provider" during the course of events described by Snider.

In *Chapman v. United States District Court, ME, et al.*, a blind man sued the District Court seeking to compel the Court to place its Local Rules on tape under the Rehabilitation Act.[81] The court dismissed the claim finding the Rehabilitation Act does not apply to the federal courts: "The Rehabilitation Act does not cover the judicial branch."[82]

We also preclude Mr. Snider from bringing this duplicative claim against the United States as he has already brought this claim in the pending action at No. 15-951. Judge Brann is presently considering whether he can amend No. 15-951 to bring this Rehabilitation claim against the United States. We will not further expend judicial resources in evaluating this barred claim in a second lawsuit.[83]

### III. Conclusion

In the accompanying Order, we grant Mr. Snider leave to proceed *in forma pauperis* but dismiss his Complaint with prejudice for lack of subject matter jurisdiction. Mr. Snider will not be permitted to file an amended complaint, as amendment to sue the United States and the District Court under the Rehabilitation Act is futile.[84]

---

[1] ECF Doc. No. 1. On September 26, 2018, the Honorable D. Brooks Smith, Chief Judge of the United States Court of Appeals for the Third Circuit, reassigned this matter to our Court in the United States District Court for the Eastern District of Pennsylvania. ECF Doc. No. 7.

8

---

[2] ECF Doc. Nos. 5, 8.

[3] ECF Doc. No. 3.

[4] ECF Doc. No. 1, ¶ 7.

[5] *Id.*

[6] *Id.* ¶ 8.

[7] *Id.* ¶¶ 9-12.

[8] *Id.* ¶ 13.

[9] No. 4:13-1226.

[10] ECF Doc. No. 1, ¶¶ 15-16.

[11] *Id.* ¶¶ 20, 25.

[12] *Id.* ¶ 21.

[13] *Id.* ¶ 23.

[14] *Id.* ¶¶ 26-28.

[15] *Id.* ¶ 31.

[16] *Id.* ¶ 32.

[17] *Id.* ¶ 33.

[18] *Id.* ¶ 34.

[19] *Id.* ¶ 41.

[20] *Id.* ¶ 43.

[21] *Id.* ¶ 44.

[22] *See id.* ¶¶ 47-53.

[23] *Id.* ¶¶ 55-56.

[24] *Id.* ¶ 58.

[25] *Id.* ¶ 66 (citation omitted).

²⁶ *Id.* ¶¶ 69-75.

²⁷ *Id.* ¶ 79.

²⁸ *Id.* ¶ 115.

²⁹ *Id.* ¶ 116.

³⁰ *Id.* ¶ 118.

³¹ *Id.* ¶ 120.

³² On July 18, 2018, the Honorable Matthew W. Brann dismissed *Snider v. Motter* without prejudice to the parties' rights to reinstate if the parties did not complete a settlement. *Snider v. Motter*, No. 4:13-1226 (ECF Doc. No. 310). On September 18, 2018, Judge Brann granted Mr. Snider's motion to extend time to finalize the settlement. *Id.* (ECF Doc. No. 312).

³³ *Id.* ¶ 101; *See Snider v. Pennsylvania Dept. of Corrections,* No. 4:15-951 (Hon. Matthew W. Brann).

³⁴ *Id.* ¶ 107.

³⁵ *Id.*

³⁶ *Id.* ¶ 108.

³⁷ *Id.* ¶ 109.

³⁸ No. 4:15-1043. Judge Brann treated Mr. Snider's May 29, 2015 filing as seeking a temporary restraining order and denied his request, along with Mr. Snider's motion for reconsideration. We may take judicial notice of adjudicative facts not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). *See Wilson v. McVey,* 579 F.Supp.2d 685, 688 (M.D.Pa.2008) (taking judicial notice of court docket); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 426 (3d Cir.1999) (a court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."). *See also, Kreider v. Philhaven Adolescent Inpatient Treatment Ctr.,* No. 13-7242, 2014 WL 1395061, at *2 n.11 (E.D. Pa. Apr. 9, 2014), *aff'd,* 592 F. App'x 59 (3d Cir. 2014)

³⁹ ECF Doc. No. 1, ¶ 110.

⁴⁰ *Id.* ¶¶ 126-27.

⁴¹ *Id.* ¶¶ 128-134.

[42] *Id.* ¶ 135.

[43] *Id.* ¶ 141.

[44] *Id.* ¶ 143.

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.* ¶ 150.

[50] *Id.* ¶¶ 153-169.

[51] *Id.* ¶ 177.

[52] *Id.*

[53] *Id.* ¶ 180.

[54] *Id.* ¶ 182.

[55] *Id.*

[56] *Id.* ¶ 183.

[57] *Id.*

[58] *Id.* ¶ 184.

[59] No. 15-951, ECF Doc. No. 162, ¶ 625.

[60] *Id.*, ECF Doc. Nos. 170, 171. Judge Schwab later allowed Mr. Snider to file a typewritten version of his amended complaint. ECF Doc. Nos. 179, 181.

[61] ECF Doc. No. 1, ¶ 185.

[62] *Id.* ¶ 186.

[63] *Id.* ¶ 187.

[64] *Id.* ¶ 188.

[65] *Id.* ¶ 189.

[66] *Id.* ¶ 190.

[67] *Id.* ¶ 191.

[68] *Id.* ¶ 197.

[69] *Id.* at 28 (as paginated by the CM/ECF docketing system).

[70] As an incarcerated man, Mr. Snider is obligated to pay the $350.00 filing fee in installments under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[71] State courts found Mr. Snider to be severely mentally ill. We recognize our obligation under Federal Rule of Civil Procedure 17(c)(2) to protect an "incompetent person who is unrepresented in an action." We have not reached this stage as we must first conduct a screening under § 1915(e) consistent with Rule 17. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) ("In the context of unrepresented litigants proceeding *in forma pauperis,* this inquiry [under Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)."); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (per curiam) ("Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c)."); *Dangim v. FNU LNU, USA Law Enf't*, No. 16-0812, 2017 WL 3149359, at *3 (D.N.M. June 2, 2017) (understanding *Powell* so that "a district court may *sua sponte* dismiss a complaint under § 1915A or § 1915(e)(2) as frivolous, malicious, or for failure to state a claim on which relief may be granted without first inquiring into a pro se litigant's mental competency to represent himself or herself under rule 17(c)(2).").

[72] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[73] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[74] *Id.*

[75] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[76] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

[77] *See Alston v. Admin. Offices of Delaware Courts*, 663 F. App'x 105, 108 (3d Cir. 2016) (per curiam) ("The USBCDD is part of the judicial branch of the Federal Government and, absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (quotations and alteration omitted)).

[78] *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

[79] 29 U.S.C. § 794(a).

[80] *Hollingsworth v. Duff*, 444 F. Supp. 2d 61, 64-65 (D.D.C. 2006) ("[T]he Rehabilitation Act does not cover judicial branch agencies" and does not, "on its face, extend to judicial branch employees."); *see Sarvis v. United States*, No. 99-0318, 2000 WL 1568230, at *2 (2d Cir. Oct. 19, 2000) (noting that "Congress has not waived the Federal Government's sovereign immunity against awards of money damages for § 504(a) violations, except where a federal agency is acting as a "'*Federal provider*' *of financial assistance*" (emphasis in original)).

[81] No. 11-173, 2011 WL 1807296, at *3 (D.Me. Apr. 28, 2011), *report and recommendation adopted*, 2011 WL 1807236 (D. Me. May 11, 2011).

[82] *Id.* at *2.

[83] *See HPF, LLC v. Nu Skin Enterprises, Inc.*, No. 99-1505, 1999 WL 782573, at *3 (E.D.Pa. Sept. 28, 1999)(*citing Trippe Mfg.Co. v. American Power Conversion Corp.*, 46 F.3d 624 (7th Cir. 1995)).

[84] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).